IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JUSTIN WILLIAMS**<br>*Plaintiff,* | §§§§§ | |
| **V.** | §§§ | **CIVIL ACTION NO.: 5:22-cv-00294** |
| **CVS PHARMACY, INC.**<br>*Defendant.* | §§§§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, JUSTIN WILLIAMS, hereinafter called Plaintiff, complaining of and about CVS PHARMACY, INC., hereinafter called Defendants, and for cause of action show unto the Court the following:

### I.  PARTIES AND SERVICE

1.  Plaintiff Justin Williams is an individual who resides in Lubbock County, Texas and is a citizen of the State of Texas.

2.  Defendant, CVS Pharmacy, Inc., is a foreign corporation that is incorporated under the laws of the State of Rhode Island and has its principal place of business in Rhode Island. It may be served with process by serving its registered agent in Texas, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Service of said Defendant can be effected by personal delivery or any other method authorized under the Federal Rules of Civil Procedure.

### II.  JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this suit because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this suit is

between citizens of different states. 28 U.S.C. § 1332(a)(1).

4. This Court can exercise specific personal jurisdiction over Defendant because this suit arises directly from Defendant's activities in Texas. Specifically, Defendant committed a tort against Plaintiff in Texas. This Court can exercise general personal jurisdiction over Defendant because Defendant's contacts with Texas are so continuous and systematic as to render Defendant essentially at home in Texas.

5. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2).

### III. NOTICE AND CONDITIONS PRECEDENT

6. Plaintiff provided all applicable notices under Texas law, including presuit notice under Chapter 74 of the Texas Civil Practice & Remedies Code. Although Plaintiff does not concede that this notice was required in a suit brought in federal court, Plaintiff's notice fully complied with that chapter, was made timely, and included a proper authorization form for release of protected health information. All conditions precedent to bringing this suit have been satisfied.

### IV. FACTS

7. Plaintiff Justin Williams generally filled his prescriptions with CVS Pharmacy located at 3402 Slide Rd., Lubbock, Texas 79414. Plaintiff filled the prescriptions named Levetiracetam 1,000 MG Tablet. The pharmacy gave the plaintiff the wrong medication with the correct label on November 23, 2020. Defendant CVS Pharmacy filled and provided Plaintiff medications that contained the wrong prescription. Plaintiff did not know and had no way of knowing that the medication was not right, therefore he had no idea of what the side effects could be.

8. The effects of taking the wrong medication and not taking the prescribed medication, Plaintiff suffered multiple seizures. He experienced a fractured foot due to his

seizures. He was in severe pain and could not sleep. He required visits to the hospital, underwent numerous tests, and had months of doctors' visits for ongoing follow up care related to his seizures.

### V.  PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST CVS PHARMACY, INC.

9.  Defendant CVS PHARMACY, INC., doing business as CVS Pharmacy or CVS Pharmacy #7272, had a duty to exercise the degree of care that a pharmacy or pharmacist of ordinary prudence would use under the same or similar circumstances. CVS Pharmacy breached their duty of care by:

   A.  Failing to properly administer the correct prescription to Plaintiff;

   B.  Failing to note that Plaintiff could have had a negative reaction;

   C.  Filling a prescription and/or providing a drug containing the wrong prescription to Plaintiff to which thought was the correct prescription since it had the correct label

   D.  Failing to have in place proper controls, procedures, and policies to account for and prevent the filling of prescriptions and/or providing drugs to which their patients or customers are allergic, and, if such controls, procedures, and policies are in place, failing to enforce or apply them; and

   E.  Failing to train, supervise, and oversee its pharmacists and employees.

10.  Under the doctrine of respondent superior, Defendant CVS Pharmacy or CVS Pharmacy #7272 is vicariously liable for the negligence of its agent(s) and/or employee(s) acting within the scope of their employment, including the pharmacist, pharmacy technician, and any other employees/agents involved in filling the incorrect prescription.

11.  Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

### VI.  DAMAGES FOR PLAINTIFF JUSTIN WILLIAMS

12.  As a direct and proximate result of the wrongful acts and/or omissions of Defendants as described above, Plaintiff Justin Williams suffered damages and seeks monetary

3

relief of less than $75,000, including but not limited to the following:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the wrongful acts and/or omissions of Defendants and such charges are reasonable and were usual and customary charges for such services in Lubbock County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Loss of earnings in the past;

    F.    Loss of earning capacity which will, in all probability, be incurred in the future;

    G.    Mental anguish in the past;

    H.    Mental anguish in the future;

    I.    Physical Impairment in the past; and

    J.    Physical Impairment in the future.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JUSTIN WILLIAMS, respectfully prays that the Defendants, CVS PHARMACY, INC. , be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**KGS LAW GROUP**

By: /s/ *Brandon A. Kinard*

**Brandon A. Kinard**
State Bar No. 24079744
**Carlos A. Saldaña**
State Bar No. 24086403
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No.  (281) 962-7773
Email: kgs@kgslawgroup.com
**ATTORNEYS FOR PLAINTIFF**

5